Trustees of Schools of Township 27, N. R. 10 East, in Winnebago County, Plaintiffs in Error, *v.* William Bibb, Defendant in Error.

### ERROR TO WINNEBAGO.

The true construction to be given to the act of the 12th of February, 1849, upon the subject of the school fund is, that said act embraces two classes of cases; one, where interest is due and unpaid; the other, where principal is due and payable. In the former case, the amount of unpaid interest bears interest at the rate of twelve per cent. per annum, and it may be sued for and recovered in a separate action. In the latter case, the principal debt bears interest at the rate of twelve per cent. per annum from the time it falls due.

This action was commenced in assumpsit by the plaintiffs in error against the defendant in error, in the Winnebago Circuit Court. The defendant filed the plea of the general issue, with notice of set-off. The cause was submitted, by the consent of parties, to the Judge, SHELDON, at the November term, 1852, and judgment rendered for defendant. The plaintiff prosecuted his writ of error, and assigned the following errors:—

1st. That the circuit court erred in finding the issue for the defendant; that the finding was contrary to the law and evidence, and should have been for the plaintiffs in amount equal to the interest due in advance upon the note described in the declaration, and twelve per cent. per annum upon the interest due in advance, and upon the principal sum in said note, from default in payment of the said interest due in advance upon said note.

2d. That the court erred in finding the amount of interest due upon the note described in the declaration,—in allowing twelve per cent. per annum interest upon the interest due in advance, from the day of default in payment of the same.

Whereas, the court should have allowed interest at twelve per cent. per annum upon the interest due, and upon the principal sum in said note, from day of default in payment of the interest due.

3d. The court erred in overruling the motion for a new trial, and in rendering judgment in favor of the defendant.

L. F. Warner, for plaintiffs in error.

Miller and Miller, for defendant in error.

Treat, C. J. The act of the 12th of February, 1835, relative to the school fund, provided: " If any person shall make default in the payment of interest as it becomes due and payable, such interest shall thereafter be considered principal, and interest at the rate of twenty per cent. per annum shall be chargeable and recoverable thereon; and if any person shall fail to pay the principal sum borrowed at the time the same becomes due and payable, such person shall be chargeable with interest on such principal sum, at the rate of twenty per cent. per annum, until paid." The rate of interest was twelve per cent. per annum, payable semi-annually in advance. The provisions of the act were clear and explicit. If the borrower failed to pay the interest promptly, he became liable to pay interest thereon at the rate of twenty per cent. per annum. And if he failed to pay the principal debt when it fell due, he was bound to pay interest thereon at the rate of twenty, instead of twelve per cent. per annum. The act of the 12th of February, 1849, which is a revision of the prior laws on the subject of the school fund, provides: " If default be made in the payment of interest due upon money loaned by any school commissioner or township treasurer, or in the payment of the principal, interest at the rate of twelve per cent. per annum shall be charged upon the principal and interest from the day of default, which shall be included in the assessment of damages, or in the judgment in suit or action brought upon the obligation to enforce payment thereof; and interest, as aforesaid, may be recovered in action brought to recover interest only." Under this act, the rate of interest is ten per cent. per annum, payable semi-annually in advance. The two statutes are substantially alike in their provisions, and must receive the same construction. The only difference respects the rate of interest. That is changed from twelve to ten per cent.; and the penalty imposed upon the borrower for not paying punctually, is twelve instead of twenty per cent. Two classes of cases are embraced by this act; one, where interest is due

and unpaid ; the *other*, where principal is due and payable. In the former case, the amount of unpaid interest bears interest at the rate of twelve per cent. per annum; and it may be sued for and recovered in a separate action. In the latter case, the principal debt bears interest at the rate of twelve per cent. per annum from the time it falls due. The provisions of this act do not apply to the principal, where the debtor is in no default respecting it. It is only when the principal is due and payable, that the rate of interest upon it is increased. This, we are satisfied, was the real intention of the legislature, although, it must be admitted, that intention is not as clearly expressed as in the act of 1835. A different construction would render the law highly penal in its character. If twelve per cent. interest was to be charged upon the principal, on every failure to make a payment of interest, it would operate very severely upon the debtor. Loans are made for five years, and the penalty for failing to pay a few instalments of interest might exceed the principal debt. Such a construction ought not to be put upon the law, unless it manifestly appears that it was the design of the legislature.

The circuit court construed the law properly, and its judgment must be affirmed.

*Judgment affirmed.*